**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

In re:

                                Chapter 13
                        Case No.: 24-13870-MAM

**Charlotte Gilmore Durante**,

    Debtor.
_____/

**OBJECTION TO CONFIRMATION OF**
**DEBTOR'S PROPOSED CHAPTER 13 PLAN [D.E. 25]**

Secured Creditor, **SN SERVICING CORPORATION, AS SERVICING AGENT FOR U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE BUNGALOW SERIES III TRUST** ("**Secured Creditor**"), objects to confirmation of Charlotte Gilmore Durante's (the "**Debtor**") proposed Chapter 13 Plan [D.E. 25] filed on May 7, 2024, and states:

**PROCEDURAL BACKGROUND**

1.    On or about April 26, 1990, the Debtor and Kenneth Durante (the "Co-Debtor") executed and delivered a promissory note in favor of Barnett Bank of Palm Beach County in the amount of $110,500.00 (the "Note). The Note was secured by a Mortgage dated April 26, 1990, that was also executed by the Debtor and the Co-Debtor (the "Mortgage"). The Mortgage was recorded on May 1, 1990, in Official Records Book 6436, Page 1688 of the Public Records of Palm Beach County, Florida encumbering the real property located at 4165 NW 10TH ST, DELRAY BEACH, FL 33445 (the "Property").

2.    The loan was subsequently modified by a Home Affordable Modification Agreement dated March 13, 2013 with a maturity date of May 1, 2020 (the "HAMP agreement").

3. On April 23, 2024 ("**Petition Date**"), the Debtor filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code [D.E. 1].

4. On May 6, 2024, the Debtor filed a Self-Represented Verified Motion for Referral to Mortgage Modification Mediation [D.E. 23] (the "MMM Motion") seeking this Court's approval to participate in Mortgage Modification Mediation with Secured Creditor.

5. On May 7, 2024, the Debtor filed the Chapter 13 Plan [D.E. 25] (the "Plan"). Pursuant to the Plan, the Debtor proposes to participate in Mortgage Modification Mediation ("MMM") with Secured Creditor and pay a MMM adequate protection monthly payment of $450.43. The Plan also list a pre-petition arrearage amount of $24,222.00.

6. On May 24, 2024, Secured Creditor filed its Objection to the MMM Motion [D.E. 30] due to the lack of availability of the MMM program and any loan modifications on the matured loan.

7. On June 3, 2024, Secured Creditor filed its Motion to Dismiss Case [D.E. 35] (the Motion to Dismiss Case for cause, namely, Debtor's inability to file a confirmable plan in this case.

8. On July 2, 2024, Secured Creditor timely filed its proof of claim as Claim Number 13-1 (the "Claim") which reflects a total debt claim in the amount of $140,993.39 and pre-petition arrearages due and owing in the same amount in light of the loan maturing pre-petition, on May 1, 2020.

**BASIS FOR OBJECTION**

9. Secured Creditor opposes confirmation of the Plan as the Mortgage Modification Mediation treatment is impermissible for the reasons pled in the Objection to the MMM Motion.

10. Additionally, the pre-petition arrearage amount is grossly understated. Due to the loan maturing pre-petition, Secured Creditor's proof of claim is a total debt claim and the arrearage amount is the total debt amount. 11 U.S.C. Section 1325(a)(5)(B)(ii) requires a debtor's Chapter 13 Plan to distribute at least the allowed amount of a creditor's secured claim. *See* 11 U.S.C. § 1325(a)(5)(B)(ii).

11. Moreover, 11 § U.S.C. 1322(b)(5) only allows Debtors to cure the default and maintain post-petition payments while the case is pending on secured debts where the last payment is due after the date on which the final payment under the plan is due. As indicated, the last payment was due prior to the filing of this case, and therefore, the Debtor's only option in this case would be to pay the full total debt over the life of the plan plus interest and Secured Creditor objects to any plan proposal seeking to pay less than the full amount of the claim plus interest.

12. Furthermore, due to the Debtor's limited net income, it is clear the Debtor is unable to amend the plan to provide for the total debt. Pursuant to Debtor's Schedule J, the Debtor's net monthly income is negative $780.00 per month. Therefore, it is clear that the Debtor would not be able to payoff the total debt over the 60-month plan. Pursuant to 11 U.S.C § 1325(a)(6), the Court can only confirm a plan if the Debtor will be able to make all payments under the Plan, hence the Plan is not confirmable.

**WHEREFORE**, Secured Creditor respectfully objects to confirmation of the proposed Plan and requests the following:

1. That confirmation of the proposed Chapter 13 Plan be denied;
2. For attorney's fees and costs incurred herein;
3. For such other and further relief that this Court deems just and proper.

**Dated: 07/18/2024**

          Respectfully submitted,

          **GHIDOTTI | BERGER, LLP**
*Attorneys for Secured Creditor*
1031 North Miami Beach Blvd.
North Miami Beach, FL 33162
Telephone: 305.501.2808
Facsimile: 954.780.5578
bknotifications@ghidottiberger.com

By: /s/ Melbalynn Fisher
Melbalynn Fisher, Esq. (FL Bar #107698)

## CERTIFICATE PURSUANT TO LOCAL RULE 9011-4 (B)(1)

I certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court as set forth in Local Rule 2090-1(A).

By: /s/ Melbalynn Fisher
Melbalynn Fisher, Esq.

## CERTIFICATE OF SERVICE

On 07/18/2024, I served the foregoing document described as Objection to Confirmation of Debtor's Proposed Chapter 13 Plan on the following individuals by electronic means through the Court's ECF program:

**COUNSEL FOR DEBTOR**
Pro Se

**CHAPTER 13 TRUSTEE**
Robin R Weiner          ecf@ch13weiner.com

- 4 -

**U.S. TRUSTEE**
USTPRegion21.MM.ECF@usdoj.gov

By depositing true copies thereof in the United States mail at North Miami Beach, Florida, enclosed in a sealed envelope, with postage paid, addressed as follows:

**DEBTOR**
Charlotte Gilmore Durante
4165 NW 10 St
Delray Beach, FL 33445

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

                                                                    By: /s/ Melbalynn Fisher
                                                                         Melbalynn Fisher, Esq.